FILED

APR 28 2014

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>MICHAEL JOSEPH DELACRUZ,<br><br>Defendant/Movant. | Cause No. CR 11-021-BLG-SEH<br>CV 13-132-BLG-SEH<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
|---|---|

On October 16, 2013, Defendant/Movant Delacruz, a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

The Court reviewed the motion and ordered defense counsel, Lisa Bazant, to submit her file for *in camera* inspection. A copy was served on Delacruz. He was permitted to respond and did so on April 7, 2014.

**I. Background**

On December 4, 2010, Delacruz was arrested inside a Hastings store wearing a camouflage coat. When asked whether he had any weapons, he said no. In the course of a pat-down search, he shifted his body weight as though

1

attempting to conceal something. Officers found a folding knife, a pipe containing a trace amount of methamphetamine, and an olive green and black 9-mm handgun, tucked into his front waistband with ten rounds of ammunition in the magazine. *E.g.*, Trial Tr. (Doc. 54) at 28:2-32:12, 39:10-42:15.

Delacruz was charged with being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1). Indictment (Doc. 11) at 1-2. Attorney Lisa Bazant was appointed to represent him. Order (Doc. 8). On June 27, 2011, he filed a motion to change his plea to guilty. Mot. for Change of Plea Hr'g (Doc. 22) at 1. When he appeared in open court on July 6, 2011, however, he stated that he did not intend to plead guilty but had decided to stand trial. Change of Plea Tr. (Doc. 53) at 3:22-4:8. Trial commenced and concluded on July 11, 2011. Minutes (Doc. 32). The jury found Delacruz guilty. Verdict (Doc. 33).

United States District Judge Richard F. Cebull presided over this case[1] and a previous case in which Delacruz had been convicted of drug- and firearms-related offenses, *see United States v. Delacruz*, No. CR 01-106-BLG-RFC (D. Mont. judgment entered Nov. 27, 2002). At the time of the 2001 case, Delacruz was already a felon prohibited from possessing firearms. In addition to his sentence of 66 months in that case, his supervised release was revoked twice. Revocation

---

[1] Judge Cebull has since retired from the bench. Delacruz's § 2255 motion was assigned upon filing to the undersigned. Standing Order DLC-11 at 1-2 ¶ 1 (D. Mont. Sept. 17, 2013) (superseded).

2

Judgments (Docs. 63, 73), *Delacruz*, No. CR 01-106-BLG. He served a total of 90 months in prison in connection with that conviction. Consequently, although Delacruz's advisory sentencing guideline range for the conviction incurred in this case was 63 to 78 months, Sentencing Tr. (Doc. 55) at 5:9-6:16, Judge Cebull sentenced him to serve the statutory maximum term of 120 months in prison, to be followed by a three-year term of supervised release, *id.* at 12:6-15:23; Judgment (Doc. 45) at 2-3.

Delacruz unsuccessfully appealed the sentence. Mem. at 1-2, *United States v. Delacruz*, No. 11-30301 (9th Cir. July 3, 2012) (Doc. 57). The United States Supreme Court denied his petition for writ of certiorari on November 5, 2012. Clerk Letter (Doc. 60). Delacruz timely filed this motion under 28 U.S.C. § 2255 on October 11, 2013. 28 U.S.C. § 2255(f); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

## II. Delacruz's Claims and Analysis

### A. Decision to Stand Trial

Delacruz contends that counsel advised him to stand trial, rather than pleading guilty, although he had no defense to the charge. He alleges that he took her advice and, as a result, lost his opportunity to obtain a three-level reduction in the offense level, *see* U.S.S.G. § 3E1.1, and weakened his appellate argument that imposition of the statutory maximum was an abuse of discretion.

3

He specifically asserts by declaration that Bazant "never explained that I would not be eligible for a three Level Baseline Reduction under USSG § 4A1.1[2] nor addressed the possibility that a 120 months sentence would constitute an unreasonable sentence and an abuse-of-discretion if my Baseline Level was calculated at 17." Delacruz Decl. (Doc. 62) at 1 ¶ 2. Counsel's file, however, shows otherwise. On July 10, 2011, Delacruz specifically acknowledged in writing that he had "read and discussed the plea agreement offered by the Government." Bazant File (Doc. 67-1) (under seal) at 38 ¶ 7. He understood "the application of the guidelines, including the three point reduction available, should I plead to the charge without a trial, for timely notification of plea and acceptance of responsibility." *Id.* ¶ 8. He also acknowledged that he had been "advised that if I take this matter to trial, and if I am found guilty by a jury, it is likely that I will receive a harsher punishment in that I will not receive the reductions accorded in the Sentencing Guidelines for timely notification of plea and acceptance of responsibility." *Id.* ¶ 9.

Delacruz was given the opportunity to review and respond to the contemporaneous documentary evidence in counsel's file. In response, he states that he reviewed the proposed plea agreement in counsel's file, *see* Bazant File at 14-23, and "concluded that I was never shown the Plea Agreement nor did attorney

---

[2] Presumably Delacruz means U.S.S.G. § 3E1.1.

Bazant ever inform me that the Plea Agreement existed or was even contemplated by the prosecution." Second Delacruz Decl. (Doc. 69) at 3. Counsel's file plainly shows otherwise. Bazant File at 38 ¶ 7.

Counsel's advice could hardly have been clearer. She did not fail to advise him of the three-level reduction for acceptance of responsibility or the fact that he would not receive that reduction if he did not plead guilty but chose to stand trial. She did not fail to advise him that he likely would receive a harsher sentence if did not plead guilty but was convicted at trial. Consequently, Delacruz cannot show counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Delacruz's claim that he would have had a better chance at a lower sentence and a better argument on appeal if he had pled guilty is too attenuated and too speculative to warrant application of *Strickland*. Counsel is not required to foresee and explain in detail every possible permutation or eventual consequence of a defendant's decision whether to plead guilty or stand trial. Further, Judge Cebull may well have imposed the same sentence, for exactly the same reasons, even if Delacruz had pled guilty. After all, he pled guilty in Cause No. CR 01-106-BLG, and he admitted violating the terms of his supervised release, *see* Revocation Judgments (Docs. 63, 73) at 1. He nevertheless did not alter his conduct in the slightest. At his allocution at sentencing in this case, he said he had "no

5

justification" for carrying a concealed and loaded handgun into a store, "except I like firearms." Sentencing Tr. at 11:16-17. There was ample justification for imposition of the statutory maximum for being a felon in possession of a firearm.

Delacruz cannot show that counsel's performance was deficient. The first requirement of the *Strickland* test is not met. This claim is denied.

## B. Rehabilitation

Delacruz claims that counsel should have argued at sentencing or on appeal that rehabilitation could not be considered as a factor in imposing sentence. *Tapia v. United States*, __ U.S. __, 132 S. Ct. 2382 (2011), held that a sentencing judge may not impose or extend a prison term to promote a defendant's rehabilitation. *Id.* at 2385.

At sentencing, Judge Cebull said:

> I think a sentence at the statutory maximum is the only sentence that will afford adequate deterrence, protect the public from future crimes of the defendant, reflect the seriousness of the offense, more importantly, promote respect for the law, and provide just punishment. Such a sentence will hopefully provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Sentencing Tr. at 14:22-15:4. Judge Cebull also recommended that Delacruz be placed in the 500-hour RDAP program, although Delacruz had already been through the program after the first time Judge Cebull sentenced him. *Id.* at 19:5-23; Judgment (Doc. 45) at 2.

6

Judge Cebull's comments do not remotely violate the holding of *Tapia*. A sentencing judge's recommendation for the RDAP program was specifically endorsed by the *Tapia* Court. 132 S. Ct. at 2392. This claim is denied.

## III. Certificate of Appealability

Neither of Delacruz's claims make a showing with any substance to it that he was deprived of a constitutional right. Before trial, Delacruz signed a document specifically acknowledging what he now claims he did not know. As to his *Tapia* claim, the sentencing judge imposed the statutory maximum for purposes of retribution, deterrence, and incapacitation, not rehabilitation. Reasonable jurists would not encourage further proceedings in this matter. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**ORDERED**:

1. Delacruz's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 61) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Delacruz files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 13-132-BLG-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Delacruz.

DATED this 28th day of April, 2014.

*Sam E. Haddon*
Sam E. Haddon
United States District Court